UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JAVIER ORTIZ

        Plaintiffs,

CITY OF NEW YORK,
PO SHEILA VEERAPEN
PO VINGELIS BAGDE NO 25635
JOHN AND JANE DOES ## 1-5,

        Defendants.

-----------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**CV 13**

## NATURE OF ACTION

1.    This action is brought by Plaintiff to recover damages for false arrest and malicious prosecution.

## THE PARTIES

2.    Plaintiff is a resident of Ridgewood, New York.

3.    Upon information and belief each of are residents of one of the following counties: Kings, Queens, Richmond, Nassau or Suffolk.

4.    The City of New York is a municipal corporation whose residence is in all five counties of New York City and is deemed to reside in Brooklyn Queens and Staten Island per 28 U.S.C. § 1391(c).

## JURISDICTION AND VENUE

6.    Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

7.    Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

8.    Plaintiff was at his residence in Queens at about 8:00 PM, observing all laws, and having a cigarette with his girlfriend, Tamara Slogosky who lives at his residence.

9.    At that time, some police came by and asked "where are the fireworks?"

10.    One of the officers in one of the two cars was, upon information and belief, PO Vingelis Badge No 25635. Whether or not one of the original inquiring officers was Vingelis, s/he was one of the arresting officers.

11.    There were indeed fireworks, but they were heard from a distance, and the officers had no reasonable basis to conclude that they were coming from plaintiff's property or that he would know about where they were coming from.

12.    The two police cars left.

13.    Moments later, plaintiff saw the police go to his parents' house at 1618 Stephens Street and he rushed over there.

14.    He told then Police officers that they couldn't simply enter his parents' home and surround his family - as well as others from the neighborhood -- like that.

15.    The officers responded that there were "exigent circumstances." Plaintiff, a lawyer who has passed the bar and is awaiting formal admission, asked what these "exigent circumstances" were.

16.    One of the officers then asked what was he, "a lawyer?" or words to that effect, in a tone dripping with sarcasm, to which plaintiff replied in the affirmative.

17.    Laughing ensued by the PO's who accused him of "barely passing the bar."

18.    Plaintiff responded that one could barely fail the bar, but if one passed, the score was not divulged, so one could not know his or her score.

19.    Plaintiff continued to ask about what "exigent circumstances" existed. One of the officers then said gunshots were heard another said fireworks, and still another said that they had been given consent.

20.    There clearly were no gunshots, only fireworks.

21.    One of the officers told plaintiff to shut up.

22.    Plaintiff refused, telling them that his 62 year old father had given him permission to speak for him.

23.    The officers asked for ID and he said his ID was home down the block; they accused him of having committed some non-existent violation.

24.    Then they said he smelled like alcohol, which was untrue and in any case not a crime.

25.    The officers assaulted plaintiff in the sense that they got into his face and gave him the apprehension of battery.

26.    This was all happening in the backyard of plaintiff's parents' house. Neither parent had given the PO's any consent to enter.

27.    One or more of the officers called plaintiff an "asshole."

28.    After a few minutes plaintff was cuffed in order to "determine his identity." Another said, that he "did it to [him]self," and one of the officers said "I should take you out and beat the shit out of you." One officer said, "Go fuck yourself."

29.    Plaintiff was taken to 104th Precinct in Queen, 64-2 Catalpa Avenue, kept there for a few hours, then taken to central booking in Queens, and he was seen by a judge at about 4 PM the next day.

30.    All charges were dismissed at arraignment because even if the charges as written up were accepted as true they did not constitute a crime. The judge even gave the prosecutors an opportunity to allege more facts but they could not. Plaintiff paid $500 in attorney's fees and lost one vacation day worth approximately $150, and demands $500,000 for false arrest, violation of his rights and the foregoing out of pocket expenses.

## THIRD CAUSE OF ACTION
## FAILURE TO INSTRUCT, SUPERVISE, AND CONTROL DIRECTED COGNIZABLE UNDER MONNELL AND 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK

31.     Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs as if fully set forth herein.

32.     At all times relevant to this complaint, defendants as officers of the City of New York Police Department, was acting under the direction and control of the City of New York, which acted through its agents and employees who were responsible for making policy of the police department, its officers and operations, and the individually named defendants were acting pursuant to either official policy or the practice, custom and usage of the City of New York and its Police Department.

33.     Acting under color of law, by and through the policy makers of the City of New York and pursuant to official policy or custom and practice, the City of New York intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of New York, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants in the performance of their duties to refrain from excessive use of force;

34.     The City of New York had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts, were going to be committed.  Defendant City of New York had power to prevent the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of New York failed or refused to do so.

35.     As a result of the foregoing, plaintiff was deprived of his right to be secure in his person, against unreasonable seizure of his person and against the use of excessive force in violation of the Eighth, Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983, and has been damaged.

FOURTH CAUSE OF ACTION
MALICIOUS PROSECUTION
NEW YORK COMMON LAW

36.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

37.     Acting under color of state law, defendants brought charges against plaintiff without probable cause and plaintiff had to suffer the embarrassment of arraignment.

38.     As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

FIFTH CAUSE OF ACTION
RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS
42 U.S.C. § 1983

39.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

40.     Acting under color of state law, defendants assaulted plaintiff because plaintiff made a statement completely within his first amendment right, namely to ask – even if in a profane manner – why he had to leave a bar after he had purchased a pitcher of beer for himself.

35.     As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

SIXTH CAUSE OF ACTION
BATTERY

36.     Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

37.     Defendants intentionally engaged in bodily contact with plaintiff, and such contact was harmful or offensive in nature.

38.     By virtue of the foregoing, Plaintiff has been damaged.

SEVENTH CAUSE OF ACTION
ASSAULT

39.     Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

40.     Defendants intentionally placed plaintiff in apprehension of immediate battery.

41.     By virtue of the foregoing, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands as follows:

A.      Compensatory damages;

B.      Punitive damages to be determined by the trier of fact;

C.      Cost of suit and attorneys fees pursuant to 42 U.S.C. § 1988;

D.      Such other relief as the Court may deem just and proper.

Dated:      New York, New York
            June 19, 2013

            GREGORY ANTOLLINO (GA 5950)
            Attorney for Plaintiff
            18 West 21st Street #802
            New York, NY 10010
            (212) 334-7397

6